#4  1546·     SCANNED    Fee Paid

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Summons Issued

| | |
|---|---|
| **CRAIG D. MURPHY** | **CIVIL ACTION** |
| Plaintiff, | |
| v. | Case No. 2:21-cv-1624 |
| **EPIQ SYSTEMS, a.k.a EPIQ GLOBAL BUSINESS PROCESS SOLUTIONS (EPIQ), SUCCESSOR BY MERGER TO DTI A.K.A DOCUMENT TECHNOLOGIES INC., AND MORGAN, LEWIS, BOCKIUS LLP** | **JURY TRIAL DEMANDED** <br><br> FILED <br> NOV 09 2021 <br> CLERK U.S. DISTRICT COURT <br> WEST. DIST. OF PENNSYLVANIA |
| Defendants. | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

*/s/ Craig*

**CRAIG D. MURPHY**
117 FRIENDSHIP STREET
DUQUESNE, PA 15110
412-588-4472
murphy.craig.pro@gmail.com

## I. PARTIES

### A. PLAINTIFF

1. Plaintiff, Craig D. Murphy is an adult individual who resides at 117 Friendship Street, Duquesne, PA 15110.

## B. DEFENDANTS

2. Defendant (Epiq) Epiq Systems, Epiq Global Business Process Solutions Inc. is a Missouri Corporation (State of Incorporation) with its principal place of business located at 501 Kansas Avenue, Kansas City, KS 66105-1309

3. Defendant DTI a.k.a Document Technologies Inc. ,a Georgia corporation, (State of Incorporation) is the parent company of Defendant (Epiq) Epiq Systems, Epiq Global Business Process Solutions Inc. whose principal place of business is 2 Ravinia Drive, Suite 850, Atlanta, GA 30346-2105

4. Defendant Morgan, Lewis, & Bockius LLP is a Limited Liability Partnership whose headquarters is located at 1701 Market Street, Philadelphia, PA 19103

## C. PLACE OF EMPLOYMENT

5. At all times relevant, and pertaining hereto, or about September 09, 2018 thorough May 21, 2020 Plaintiff's place of employment was located at Defendant Morgan, Lewis, & Bockius LLP Pittsburgh's address located at One Oxford Center, 301 Grant Street, Suite 31, Pittsburgh, PA 15219. During this same time, Plaintiff's place of employment was remote on or about March 19, 2020 through April 23, 2020. Plaintiff's occupation and role was a Records Specialist.

1

## II. JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 2000e-2(b) and 42 U.S.C. § 1981

## III. STATEMENT OF CLAIMS

### Count I. Discrimination and Harassment

7. At at times relevant and pertaining hereto, On or about March 19, 2020 at the request of the Defendant Morgan, Lewis Bockius, Defendant Epiq Systems placed Plaintiff on a remote on call status due to the COVID-19 government shutdown. During this same time period the Defendant Epiq Systems assigned Plaintiff a different Supervisor namely Kristen Baustert. On or about April 17, 2020 the Defendant Morgan Lewis Bockius requested Defendant Epiq Systems to command Plaintiff to temporarily return to its Pittsburgh law Office to deliver files to an attorney. On or about April 21, 2020, the Plaintiff arrived to the Pittsburgh Office for approximately one hour to deliver said files. Upon completion of this task, Petitioner at the firms discretion, was permitted to home to on-call status. On or about April 23, 2020, the Plaintiff was informed by his Epiq Supervisor via text message to his personal mobile device that at the request of

2

Defendant Morgan, Lewis, Bockius, the Defendant Epiq Systems changed the conditions of Plaintiff's employment during the ongoing COVID-19 national pandemic from remote on call status to onsite status to perform non-essential project based assignments. Plaintiff was also required to report to Paige Sheffield, a Morgan, Lewis, Bockius regional records manager upon his arrival. Upon receipt of this notification from his Epiq supervisor, the Plaintiff immediately returned to the Pittsburgh law office. After reporting to Paige Sheffield, Plaintiff was informed that his new duties would be to work on project based assignments namely a scanning project previously assigned by Morgan Lewis' firm-wide records manager Brianne Aul as well as a semi-annual records inventory project.

8. During the time periods of April 23, 2020 through May 21, 2020, the Plaintiff suffered increased scrutiny over his employment by Paige Sheffield, Brianne Aul, and Kristen Baustert. Paige Sheffield insisted that all weekly calls previously conducted solely between Plaintiff and her now include Epiq Supervisor Kristen Baustert. During these calls Paige Sheffield insisted that the Plaintiff complete his new duties within a relatively short period of time approximately within three weeks. Plaintiff objected and informed Ms. Sheffield that previously, inventory projects were completed within six weeks and that during previous inventories, a laptop computer was provided that was needed to navigate through the entire firm.

3

9. Plaintiff also reiterated that the firm was under construction and renovation which would make it increasingly difficult to physically remove files from cabinets and other storage areas. Plaintiff asked Ms. Sheffield why a laptop computer was not provided, and she responded by stating that the Firm's IT Manager was not allowed to come into the office to provide a laptop due to the government shutdown.

10. Ms. Sheffield then insisted that Plaintiff proceed without a laptop and find a way to navigate around construction by physically removing files from their locations throughout the firm and moving said files to the firm's record center for inventory. Epiq Supervisor during these weekly contacts agreed with Paige Sheffield that the Plaintiff would need to proceed with the inventory project without a laptop computer.

11. Upon Plaintiff's arrival back to the firm Ms. Sheffield suddenly behaved in a rude and condescending manner by raising her voice and yelling at the Plaintiff which had never occurred during previous weekly calls prior to the government shutdown.

12. On May 06, 2020 Plaintiff filed a discrimination inquiry against Morgan, Lewis, Bockius. In the following weeks, the Plaintiff attempted to complete the inventory project without his needed equipment. At or about this same time period both Ms. Sheffield and Kristen Baustert continued to closely scrutinize the Plaintiff's work, and complained that despite Plaintiff not having needed equipment, that the Plaintiff should be able to work at an accelerated rate with no explantion.

4

13. On or about May 07, 2020, Plaintiff received an email from the firm's office Manager Jacqueline Sroka inquiring as to Plaintiff's mode of transportation to and from work. The Plaintiff responded that he used public transportation to commute. Ms. Sroka then informed Plaintiff that public transportation was not favored by the firm and that the Plaintiff would need to use his personal vehicle to commute to work. Ms. Sroka would also inform the Plaintiff that he would be required to wait approximately two weeks for reimbursement for parking expenses.

14. Ms. Sroka then informed the Plaintiff that in order to avoid a disruption in his salary, the Plaintiff should take advantage of free parking located in the City of Pittsburgh. On or about May 13, 2020 the Plaintiff's vehicle was towed by the City of Pittsburgh. When the Plaintiff requested reimbursement from the firm on or about May 18, 2020, the firm refused reimbursement.

15. At this same time the Plaintiff contacted the firm's human resources manager to express his concerns.  On or about May, 19 2020 the Plaintiff received a telephone call from Epiq supervisor Kristen Baustert regarding his communications with the firm's office manager Jacqueline Sroka, and human resources manager Megan Vickless. Mr. Baustert stated that the email communications were "tough". Mr. Baustert then demanded that any concerns about the firm be solely directed through him and not any firm employee.

16. On May 21, 2020 the Plaintiff was given a laptop computer to continue with said inventory project. The laptop contained IRM software [the firm's records software system] as well as access to email. While continuing to perform the inventory project, the Plaintiff received an email from various Morgan, Lewis, Bockius, employees stating that an update needed to be performed with another firm software system[Kwiktag] and that the Plaintiff was not able to be reached via SKYPE.

17. The laptop given to the Plaintiff did not include SKYPE. Said email included a [cc] to Kristen Baustert. The Plaintiff then forwarded a copy of the email to Kristen Baustert informing him that the email was harassing in nature, and that the Plaintiff felt that that his employment was being highly scrutinized. At the conclusion of said email, Plaintiff requested that all such actions cease. On this same date, the Plaintiff was informed by Kristen Baustert, via voicemail to his personal mobile device that his employment was terminated at the request of Defendant Morgan, Lewis, Bockius.

18. On My 22, 2020 the Plaintiff received an email confirming his termination and that the firm directed that his employment be terminated. Subsequently, at an interview with the EEOC Equal Employment Opportunity Commission conducted on July 15, 2020, the Commission requested that another inquiry against DTI a.k.a Document Technologies Inc., the parent company succeeded by and or re-branded as Epiq be included in another separate charge. Plaintiff reiterated that all named Defendant's acted jointly as the Plaintiff alleged in his inquiry filed May 06, 2020. EEOC again requested a separate

6

inquiry. Plaintiff complied and filed an inquiry against DTI Document Technologies Inc. as a.k.a Epiq Systems (Epiq) on August 15, 2020.

19. On August 11, 2021 the EEOC then issued a right to sue letter determining no cause against Defendant Morgan, Lewis, Bockius. On August 12, 2021 the Commission issued a right to sue letter determining no cause against Defendant DTI Document Technologies Inc. a.k.a Epiq Systems (Epiq)This litigation follows.

20. The Plaintiff avers that:

(a) The Defendants' adverse actions against him were the result of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 U.S.C. § 2000(e), and 42 U.S.C. § 1981 based upon his African American decent.

(b) That throughout his employment which was located on Defendant Morgan, Lewis, Bockius premises, that the Plaintiff was subjected to a hostile working environment.

(c) That the Defendant Epiq Systems, Epiq Global Transformation Solutions (collectively Epiq), successor by merger to Defendant DTI a.k.a Document Technologies Inc. [the parent company] is subject to successor liability.

(d) That the equitable doctrine of laches is inapplicable due to the Defendants' Epiq Systems, Epiq Global Transformation Solutions (collectively Epiq), successor by merger to Defendant DTI a.k.a Document Technologies Inc.'s efforts to avoid liability by changing the Plaintiff's employment status to a subsidiary company unbeknownst to Plaintiff.

(e) The Plaintiff avers that On or about April 17, 2020 through May 21, 2020 that the Plaintiff's condition of employment was changed from DTI a.k.a Document Technologies Inc. to reflect Defendant Epiq as employer while Defendants DTI a.k.a Document Technologies Inc., and Epiq resumed normal business operations.

(f) That the unbeknownst changes in the Plaintiff's conditions of employment resulted in changes to the Plaintiff's health insurance and other benefits.

(g) That the Plaintiff was replaced by a caucasion employee approximately one month from his termination of employment.

(h) That the Defendant Morgan, Lewis, Bockius in addition to Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 U.S.C. § 2000e-2(a) is guilty of discrimination against the Plaintiff in violation of 42 U.S.C. § 1981.

(i) That IT manager Norman Dill was treated differently than Plaintiff based upon his caucasion race in that he was not required to perform the essential service of providing needed computer equipment to the Plaintiff, yet the Plaintiff was required to report to work during a Pandemic to perform non-essential project based duties. It was during this time that Defendants collectively conspired to not only wrongfully terminate the Plaintiff, but also did so in a way that would not allow the Plaintiff to obtain future gainful employment via references or unemployment benefits.

8

## Count II. Retaliation

21. The Defendants' adverse actions against Plaintiff including his termination of employment were the result of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 2000e-2(b) and 42 U.S.C. § 1981 based upon his complaints of discrimination, harassment, intense scrutiny, and subjection to a hostile working environment.

22. Throughout his employment which was located on Defendant Morgan, Lewis, Bockius' premises, the Plaintiff was subjected to a hostile working environment. As a result the Plaintiff reached out to management of all Defendants in hope that discussions would resolve his concerns.

23. As a result, the Plaintiff was met with retaliation from all named Defendants. Despite positive performance reviews that met and exceeded work requirements, the Plaintiff was terminated on May 21, 2020 within hours of complaining of discriminatory harassment.

24. The timing of the termination of the Plaintiff's employment after complaints of discriminatory harassment in addition to his outstanding performance is telling. In addition, the Plaintiff upon returning to his new conditions of employment which consisted of approximately ten percent of his prior duties were performed without needed equipment that was not provided to Plaintiff until his last day of employment.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Plaintiff has exhausted his administrative remedies as required by Title VII of the civil rights act of 1964 as amended, and codified at 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 2000e-2(b) and 42 U.S.C. § 1981 as evidenced by the attached Right To Sue letters issued by the Equal Opportunity Commission on August 11, 2021 [Defendant Morgan, Lewis, Bockius], and [ August 12, 2021 Epiq Systems, Epiq Global Transformation Solutions (collectively Epiq), successor by merger to Defendant DTI a.k.a Document Technologies Inc. [the parent company] . See attached Exhibit "A", and Exhibit "B"

## V. RELIEF SOUGHT

WHEREFORE, the Plaintiff prays this court grant the Plaintiff's requests for compensatory, and punitive damages for loss of wages, Defendants' public policy violations, intentional infliction of emotional distress, discrimination, retaliation, and willful violation of civil rights plus costs.

Respectfully Submitted,

## VI. CERTIFICATION AND CLOSING

Pursuant to Fed. R.Civ. P 11, by signing below, I hereby certify that to the best of my knowledge, information , and belief, that the foregoing complaint is not being presented for an improper purpose, or to harass, cause unnecessary delay, or cause needless increase in the costs of litigation, and that the complaint is supported by existed law or by a non-frivolous argument for extending , modifying , or reversing existing law, that the factual contentions have evidentiary support, or will likely have evidentiary support after reasonable opportunity for further investigation and or discovery, and that this complaint otherwise complies with Fed. R. Civ. P. 11

**By:**_____Craig D. Murphy /s/_____

Date: 11/09/2021

**(Signed)**_____
CRAIG D. MURPHY
117 FRIENDSHIP STREET
DUQUESNE, PA 15110
412-588-4472
murphy.craig.pro@gmail.com

11